1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   RAFT THOMPSON,                    )    1:09-CV-00727 AWI SMS HC
                                       )
12                   Petitioner,       )
                                       )    FINDINGS AND RECOMMENDATION
13        v.                           )    REGARDING PETITION FOR WRIT OF
                                       )    HABEAS CORPUS
14   JAMES YATES,                      )
                                       )
15                   Respondent.       )
     _____ )

16

17        Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to

18   28 U.S.C. § 2254.

19                          **PROCEDURAL BACKGROUND**

20        Petitioner is currently in the custody of the California Department of Corrections pursuant to

21   a judgment of the Superior Court of California, County of Orange, following his conviction of

22   continual sexual abuse of a child under the age of 14 and lewd and lascivious acts. See Respondent's

23   Answer (hereinafter "Answer"), Exh. 1. Petitioner was sentenced to serve a determinate term of

24   twelve years. Id.

25        With this petition, Petitioner does not challenge his underlying conviction and sentence.

26   Rather, he challenges a prison disciplinary hearing held on November 16, 2007, in which Petitioner

27   was found guilty of damaging state property in excess of $400.00. Id. As a result, he was assessed a

28   credit forfeiture of 150 days. Id.

**FACTUAL BACKGROUND**[1]

On October 25, 2007, Petitioner awoke to find his wristwatch had been taken. Petitioner asked the inmates in the general area to return the watch, but no one was forthcoming. Petitioner then became angry and pulled cables from two television sets in the inmate day rooms. Petitioner notified a correctional officer in the area. The officer asked Petitioner to produce the cables, which he did. The officer viewed the television sets and observed that the wiring had been pulled from the sets.

Petitioner was formally charged with violating Cal. Code of Regulations Title 15, section 3011, for the specific act of damaging state property. On November 16, 2007, a disciplinary hearing was held. Based on the reporting employee's statement, Petitioner's admission, a supplemental report prepared by an electronic technician, and requisition replacement costs for the televisions, the senior hearing officer found Petitioner guilty.

On September 18, 2008, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court. See Answer, Exh. 1. The petition was denied on October 27, 2008, in a reasoned opinion. See Answer, Exh. 2. On December 8, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District. See Answer, Exh. 3. The petition was denied for failure to exhaust administrative remedies. See Answer, Exh. 4. Petitioner filed a subsequent petition in the appellate court raising the same claims, and that petition was also denied. See Answer, Exhs. 5-6. On February 17, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See Answer, Exh. 7. The petition was denied on March 11, 2009. See Answer, Exh. 8.

On April 24, 2009, Petitioner filed the instant federal habeas petition in this Court. Petitioner complains that he was not given an opportunity to present a defense. He states his request for a witness was denied in violation of his due process rights. He also contends there is insufficient evidence to support the guilty finding since the value of the television sets was grossly overstated. On November 16, 2009, Respondent filed an answer to the petition. Petitioner filed a traverse to

---

[1]This information is taken from the Rules Violation Report which is attached to Exhibit 1 to Respondent's Answer.

1 Respondent's answer on December 16, 2009.

2 **DISCUSSION**

3 I. Jurisdiction

4   Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

5 to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

6 the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

7 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

8 Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Pleasant Valley State

9 Prison which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a

10 constitutional violation has resulted in the loss of time credits, such violation affects the duration of a

11 sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v.

12 Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

13 II.  Standard of Review

14   This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

15 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

16 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

17   The AEDPA altered the standard of review that a federal habeas court must apply with

18 respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

19 Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be

20 granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved

21 an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

22 of the United States;" or "resulted in a decision that was based on an unreasonable determination of

23 the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d);

24 Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran

25 v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not

26 issue the writ simply because that court concludes in its independent judgment that the relevant state

27 court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct.

28 at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations

1   omitted). In addition, the state court's factual determinations must be presumed correct, and the

2   federal court must accept all factual findings made by the state court unless the petitioner can rebut

3   "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett

4   v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110

5   F.3d 1380, 1388 (9th Cir. 1997).

6   III.  Review of Petitioner's Claims

7        Petitioner contends he was unjustly found guilty of damaging state property in excess of

8   $400.00.  After reviewing the pleadings and the record in this case, the Court finds the petition is

9   without merit and should be denied, as it is clear all due process requirements were met.

10       Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

11  diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418

12  U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a

13  prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's

14  due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v.

15  Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-

16  455 (1984).

17       However, when a prison disciplinary proceeding may result in the loss of good time credits,

18  due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

19  disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

20  goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement

21  by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.

22  at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported

23  by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of

24  Immigration, 273 U.S. 103, 106 (1927)

25       Petitioner first alleges he was denied the minimum due process right of presenting his

26  defense because he was denied an opportunity to call a witness, specifically electronic technician S.

27  Fryer.  Fryer was the individual who had inspected and made the determination the television sets

28  were beyond repair and needed to be replaced. Petitioner wished to demonstrate that the television

1  sets were several years old, in a worn and deteriorated condition, and were scheduled for

2  replacement even before the damage had been done by Petitioner. According to the rules violation

3  report, Petitioner's request for the witness was denied because the hearing officer determined the

4  witness would not provide any additional or relevant information. The state court found no violation

5  of Petitioner's due process rights because the hearing officer properly exercised his discretion to

6  deny the witness request based on the lack of relevant information that could be provided by the

7  witness.

8        The state court decision is not unreasonable. It is clear the television sets were functioning

9  until Petitioner damaged them beyond repair. There is nothing in Cal. Code of Regulations Title 15,

10  section 3301, which requires an accounting for depreciation of the property when assessing the value

11  of the property damaged. Rather, the statute specifically states that "the inmate may be charged for

12  the cost of repair or replacement." Id. In this case, the electronics technician had already determined

13  the sets were beyond repair. Accordingly, Petitioner was charged the replacement cost of the units.

14  Petitioner thus fails to demonstrate that the witness could have provided any additional or relevant

15  information for his defense. The claim should be denied.

16        Petitioner next claims the evidence is insufficient to support a guilty finding of damaging

17  state property in excess of $400.00, because the property was not properly valued. Again, whether

18  or not the television sets were old or new is beside the point. The fact is that Petitioner admittedly

19  destroyed state property beyond repair. The sets were functioning, and then they were not.[2] Pursuant

20  to Cal. Code of Regulations Title 15, section 3301, Petitioner was properly found guilty of damaging

21  state property, and the cost of replacement was in excess of $400.00. The state court reasonably

22  determined that some evidence supported the guilty finding.

23        In sum, all due process requirements were satisfied and the guilty finding was supported by

24  "some evidence." Accordingly, Petitioner's claims are without merit and the petition should be

25  denied.

26

27        [2] Petitioner contends the sets functioned after they had been jury-rigged; however, the record reflects the sets, while

28  appearing to be operational, could not be used because their use would be a violation of fire code and pose an electrical hazard to inmates and staff. See Answer, Exh. 1.

1

**RECOMMENDATION**

2          Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus

3    be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter

4    judgment.

5          This Findings and Recommendation is submitted to the assigned District Judge, pursuant to

6    the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the

7    Findings and Recommendation, any party may file written objections with the Court and serve a

8    copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

9    Findings and Recommendation."  Any reply to the objections shall be served and filed within

10   fourteen (14) days after service of the objections.  The parties are advised that failure to file

11   objections within the specified time may waive the right to appeal the District Court's order.

12   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14   IT IS SO ORDERED.

15   **Dated:     February 9, 2010              /s/ Sandra M. Snyder**

16                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California        cd                          6